Citation Nr: 1331569 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 12-35 632 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia


THE ISSUE

Entitlement to service connection for a bilateral knee disorder.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

D. M. Donahue, Associate Counsel


INTRODUCTION

The Veteran served on active duty from May 1954 to November 1957 and January 1958 to January 1968.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a February 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia.

In June 2013, the Board reopened the Veteran's claim for service connection and remanded the claim for additional development. The case has been returned to the Board for further appellate consideration. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

In September 2013, the AMC received correspondence from the Veteran regarding his claim for service connection for bilateral knee disabilities. In this statement, the Veteran reported that he had been "set up to have [his] knee operated on" and that the surgery was cancelled as there was "something wrong with [his] blood." The Veteran did not provide dates for this scheduled surgery. A July 2013 examination report does not relate a history of any scheduled surgical procedures for knee problems. On remand, the Veteran should be asked to provide details regarding the surgery. Further, as the record suggests possible treatment since his July 2013 examination, he should be asked to identify any recent sources of treatment for his knee disabilities. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). 38 U.S.C.A. § 7107(a)(2) (West 2002).


Accordingly, the case is REMANDED for the following action:

1. The RO should obtain the names and addresses of the facility that had scheduled the Veteran for the surgery mentioned in his September 2013 correspondence as well as all medical care providers who treated the Veteran for his bilateral knee disabilities since July 2013. 

After securing the necessary release, the RO should obtain these records, the RO should make efforts to obtain the records of any treatment identified by the Veteran. Any records obtained as a result of such efforts should be associated with the claims file. If such efforts yield negative results, a notation to that effect should be inserted in the file. The Veteran and his representative are to be notified of unsuccessful efforts in this regard, in order to allow the Veteran the opportunity to obtain and submit those records for VA review.

2. Following completion of the foregoing, the RO should undertake any other development it determines to be warranted. 

3. After completion of the above development, the issue on appeal should be readjudicated. If the determination remains adverse to the Veteran, he and his representative should be furnished with a supplemental SOC and be given an opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).